**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000752
05-JAN-2012
03:03 PM**

NO. CAAP-11-0000752

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

JANIS COWSER, Plaintiff-Appellant,
v.
THE HONORABLE NEIL ABERCROMBIE,
Governor of the State of Hawaii, et al.,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-120)

ORDER GRANTING DECEMBER 14, 2011 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) Defendants-Appellee Neil Abercrombie's (Appellee Governor Abercrombie) December 14, 2011 motion to dismiss Appeal No. CAAP-11-0000752 for lack of appellate jurisdiction, (2) Plaintiff-Appellant Janis Cowser's (Appellant Cowser) December 19, 2011 memorandum in opposition to Appellee Governor Abercrombie's December 14, 2011 motion to dismiss appellate court case number CAAP-11-0000752 for lack of appellate jurisdiction, and (3) the record, it appears that this court does not have jurisdiction over Appellant Cowser's appeal from the Honorable Glen S. Hara's September 16, 2011 "Order

Denying Ex Parte Relief Requested in Letter from Plaintiff Janis Cowser Filed on September 8, 2011" (the September 16, 2011 interlocutory order), because the September 16, 2011 interlocutory order is not independently appealable, and the circuit court has not yet entered an appealable final judgment on all claims pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The record on appeal for appellate court case number CAAP-11-0000752 was filed on December 6, 2011, and the circuit court has not yet entered a separate judgment in this case. Absent a separate judgment, the September 16, 2011 interlocutory order is not eligible for appellate review.

Although exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the September 16, 2011 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88

Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Therefore, the September 16, 2011 interlocutory order is not an appealable order. Absent an appealable separate judgment, Appellant Cowser's appeal is premature, and we lack appellate jurisdiction over Appeal No. CAAP-11-0000752. Accordingly,

IT IS HEREBY ORDERED that Appellee Governor Abercrombie's December 14, 2011 motion to dismiss Appeal No. CAAP-11-0000752 for lack of appellate jurisdiction is granted, and this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, January 05, 2012.

Chief Judge

Associate Judge

Associate Judge